IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSEMARY GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-1103-GPM |
| | ) |
| CASEY'S RETAIL COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Rosemary Green was hired as a clerk by Defendant Casey's Retail Company ("Casey's) at the Casey's retail store in Bridgeport in Lawrence County, Illinois, on April 8, 2002. Green was promoted to a store manager in February 2003. On January 15, 2010, Green suffered an injury to her back while handling a load of inventory. Specifically, Green was arranging merchandise on a shelf and tripped backwards over several boxes, falling and striking her back against an ATM machine. On March 3, 2010, Casey's fired Green after being advised that Green sought workers' compensation for the injury to her back. On November 8, 2011, Green filed this action against Casey's in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, whereupon Casey's timely removed the case to this Court; federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.[1] Green's operative

---

1. Green is a citizen of Illinois, while Casey's is a corporation incorporated under Iowa law with its principal place of business in Iowa. The amount in controversy in the case, in which Green alleges severe personal injuries and seeks both compensatory and punitive damages, exceeds $75,000, exclusive of interest and costs.

complaint in this case (Doc. 19) asserts, in Count I, a cause of action for retaliatory discharge, in which Green alleges that she was terminated by Casey's for seeking workers' compensation in connection with the accident on January 15, 2010; in Count II, Green asserts a cause of action for intentional infliction of emotional distress under Illinois law. Currently this case is before the Court on Casey's motion to dismiss Green's claim for intentional infliction of emotional distress (Doc. 5). The Court rules as follows.[2]

As an initial matter, the Court notes the standard under which it must evaluate the instant motion to dismiss. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 (S.D. Ill. Dec. 11, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Payne v. Schneider Nat'l Carriers, Inc.*, Civil No. 09-559-GPM, 2010 WL 685819, at *1 (S.D. Ill. Feb. 22, 2010). A complaint should not be dismissed unless it either

---

2. The Court notes in passing that the fact that Green has amended her complaint twice since Casey's filed its motion to dismiss does not moot Casey's motion. In general, "a motion to dismiss is not mooted by the filing of an amended complaint where the defects raised in the original motion remain in the new pleading," as is the case here. *Price v. Minnesota Life Ins. Co.*, No. 06-cv-1040-DRH, 2008 WL 687131, at *2 (S.D. Ill. Mar. 10, 2008) (quotation omitted). The Court notes also that Count III of Green's operative complaint in this case consists of a demand for punitive damages. As the Court has had occasion to observe in the past, "punitive damages are, of course, an item of damages, not a substantive claim for relief within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure." *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 n.1 (S.D. Ill. Aug. 24, 2009).

fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl.*, 550 U.S. at 555) (brackets, citations, and internal punctuation omitted). *See also Heinze v. Southern Ill. Healthcare*, Civil No. 08-672-GPM, 2010 WL 276722, at *2 (S.D. Ill. Jan. 19, 2010).

To state a claim for intentional infliction of emotional distress, Green must plead that: (1) Casey's conduct was "truly extreme and outrageous"; (2) Casey's "either intend[ed] that [its] conduct inflict severe emotional distress, or [knew] that there [was] at least a high probability that [its] conduct [would] cause severe emotional distress"; and (3) that Casey's conduct "in fact cause[d] severe emotional distress." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003) (quoting *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)) (emphasis omitted). *See also Lewis v. School Dist. #70*, 523 F.3d 730, 746 (7th Cir. 2008) (quoting *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001)) ("In Illinois, a plaintiff must satisfy three requirements for a showing of intentional infliction of emotional distress: '(1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress[;] and (3) the

conduct must in fact cause severe emotional distress."). "Liability does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions or trivialities.'" *Thomas v. Fuerst*, 803 N.E.2d 619, 625 (Ill. App. Ct. 2004) (quoting *Public Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976)). *See also Lewis*, 523 F.3d at 746-47 (quoting *Honaker*, 256 F.3d at 490) ("[T]he tort [of intentional infliction of emotional distress] does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."). Rather, the defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Thomas*, 803 N.E.2d at 625 (quoting *Public Fin. Corp.*, 360 N.E.2d at 767). Said differently, "to serve as a basis for recovery, the defendant's conduct must be such that the 'recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim[:] Outrageous!'" *Lewis*, 523 F.3d at 747 (quoting *Honaker*, 256 F.3d at 490). Conduct properly is deemed "extreme and outrageous" where a defendant has abused a position of authority over a plaintiff and the defendant is aware of the plaintiff's fragile mental state. *See Fox v. Hayes*, 600 F.3d 819, 842 (7th Cir. 2010) ("An important factor" in determining whether a defendant has committed the tort of intentional infliction of emotional distress "is whether [the] defendant abused a position of authority."); *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211-13 (Ill. 1992) (allegations that a radio host publicly ridiculed a family that suffered from a disfiguring disease stated a claim for intentional infliction of emotional distress because the host knew of the plaintiffs' susceptibility to emotional distress); *McGrath*, 533 N.E.2d at 811 ("Behavior which (though rude, abrasive or extremely inconsiderate) may not otherwise be actionable may be deemed outrageous if the defendant knows that the plaintiff is peculiarly susceptible to emotional distress.").

A principal issue presented by Casey's motion to dismiss Green's claim under Illinois law for intentional infliction of emotional distress is whether the claim is preempted by the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq*. The IWCA provides, in relevant part,

> No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.

820 ILCS 305/5(a). *See also McPherson v. City of Waukegan*, 379 F.3d 430, 442 (7th Cir. 2004) ("The IWCA is an employee's exclusive remedy for accidental injuries arising out of and in the course of employment.") (quotation omitted). Under the IWCA, "an employee has no right to recover damages from the employer or its agents or employees for accidental injuries incurred in the course of employment." *Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997). Thus, to escape IWCA preemption, a plaintiff must demonstrate: (1) the injury was not accidental; (2) the injury did not arise from his or her employment; (3) the injury was not received during the plaintiff's employment, or (4) the injury is not compensable under the IWCA. *See Dunlap v. Nestle USA, Inc.*, 431 F.3d 1015, 1016 (7th Cir. 2005); *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1226 (Ill. 1990); *Richardson v. County of Cook*, 621 N.E.2d 114, 117 (Ill. App. Ct. 1993). Emotional distress is compensable under the IWCA. *See Collier v. Wagner Castings Co.*, 408 N.E.2d 198, 202 (Ill. 1980). Therefore, the Court must determine whether or not the injury alleged by Green is accidental within the meaning

of the statute. Under Illinois law, "[t]he IWCA exclusivity provisions will not bar a common law cause of action against an employer . . . for injuries that the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer." *Hunt-Golliday*, 104 F.3d at 1016-17. *See also Russell v. PPG Indus., Inc.*, 953 F.2d 326, 333 n.5 (7th Cir. 1992) ("The exclusivity provisions of the IWCA do not bar a common-law cause of action against an employer for injuries which the employer intentionally inflicts upon an employee, or which were commanded or expressly authorized by the employer."); *Quela v. Payco-General Am. Credits, Inc.*, 84 F. Supp. 2d 956, 960 (N.D. Ill. 2000) (an employee's assault and battery claims against his employer, in which he alleged that his manager intentionally committed assault and battery to further the employer's business and that the manager's actions were subsequently ratified by the employer, were not barred by the IWCA). Here Green alleges an intentional tort by her employer, and therefore her claim for intentional infliction of emotional distress against Casey's is not barred by the IWCA's exclusivity provisions. *See McKay v. Town & Country Cadillac, Inc.*, 991 F. Supp. 966, 971 (N.D. Ill. 1997) (an employee's claim for intentional infliction of emotional distress against his corporate employer and its owner and president, based on the president's treatment of the employee after the employee revealed that he suffered from alcoholism, was not barred by the IWCA; the president's alleged actions were intentional, and the employee alleged that the president was the employer's alter ego).[3]

---

3. A well-recognized exception to the exclusivity provisions of the IWCA is "if an employer takes retaliatory action against employees for availing themselves of benefits under the [IWCA] . . . . The retaliatory discharge exception to the exclusive remedy rule is justified as necessary to curb the potential undermining of the [IWCA's] policy to provide employees the protection of prompt and equitable compensation for their injuries." *Fredericks v. Liberty Mut. Ins. Co.*, 627 N.E.2d 782, 785-86 (Ill. App. Ct. 1994) (citing *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 356 (Ill. 1978)).

Although the Court finds that Green's claim for intentional infliction of emotional distress is not barred by the exclusivity provisions of the IWCA, that is not the end of the matter. First, there is nothing in the allegations of Green's complaint to suggest that Casey's terminated her for the purpose of inflicting emotional distress upon her, rather than as punishment for pursuing workers' compensation. *See Hamros v. Bethany Homes & Methodist Hosp. of Chicago*, 894 F. Supp. 1176, 1180 (N.D. Ill. 1995) (dismissing a claim for intentional infliction of emotional distress where an employee's complaint failed to allege directly or inferentially that an employer and a manager intended to cause the employee extreme emotional distress by terminating the employee); *Whitehead v. AM Int'l, Inc.*, 860 F. Supp. 1280, 1291 (N.D. Ill. 1994) (dismissing an employment discrimination plaintiff's claim for intentional infliction of emotional distress where the plaintiff's former supervisor did not either specifically intend to cause, or know that her oppressive behavior had a high probability of causing, emotional distress). Second, in the context of a claim for intentional infliction of emotional distress,

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice" or a degree of aggravation which would entitle plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency[.]

*Public Fin. Corp.*, 360 N.E.2d at 767 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). The conduct alleged by Green simply does not rise to the level of the extreme and outrageous conduct that has been held to sustain a claim for intentional infliction of emotional distress in the employment context. *See, e.g., Gilardi v. Schroeder*, 833 F.2d 1226, 1234 (7th Cir. 1986) (finding intentional infliction of emotional distress where an employer drugged and raped an employee, then

discharged the employee); *Everly v. United Parcel Serv., Inc.*, No. 89 C 1712, 1989 WL 81961, at **1-3 (N.D. Ill. July 13, 1989) (an employee stated a claim for intentional infliction of emotional distress where she alleged, inter alia, that she was not allowed to receive telephone messages regarding several family emergencies, including her daughter's molestation, or to take a leave of absence to attend to her dying mother, and that she was forced to continue working after spilling acid on herself); *Reid v. LaGrange Mem'l Hosp.*, No. 89 C 1879, 1989 WL 58232, at *1 (N.D. Ill. May 30, 1989) (denying an employer's motion to dismiss a claim for intentional infliction of emotional distress where a supervisor had made extraordinarily derisive racial slurs to an employee and had physically attacked her). However, conduct that is merely "inconsiderate, rude, vulgar, uncooperative, unprofessional and unfair" does not rise to the level of extreme and outrageous. *Miller v. Equitable Life Ins. Soc'y of U.S.*, 537 N.E.2d 887, 889 (Ill. App. Ct. 1989). Moreover, under Illinois law, the firing of an at-will employee, even if wrongful, does not constitute extreme and outrageous conduct. *See Stoecklein v. Illinois Tool Works, Inc.*, 589 F. Supp. 139, 146 (N.D. Ill. 1984) (an employer's conduct in demoting and forcing an employee into retirement because of his age, then reneging on a promise of severance pay and job counseling, was not extreme and outrageous); *Balark v. Ethicon, Inc.*, 575 F. Supp. 1227, 1230-32 (N.D. Ill. 1983) (an employer's refusal to reinstate an employee despite an arbitration award in the employee's favor, together with a baseless referral of the employee's name to the FBI for investigation, was not extreme and outrageous); *Witkowski v. St. Anne's Hosp. of Chicago, Inc.*, 447 N.E.2d 1016, 1022-23 (Ill. App. Ct. 1983) (an alleged wrongful discharge to prevent a plaintiff from securing long-term disability benefits was not extreme and outrageous). Green's claim for intentional infliction of emotional distress will be dismissed.

To conclude, Casey's motion to dismiss Green's claim for intentional infliction of emotional distress (Doc. 5) is **GRANTED**.  Count II of Green's operative complaint in this case (Doc. 19) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  January 26, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge